[Civ. No. 8005.   Third Dist.   July 24, 1951.]

TONI DALE, Petitioner, v. CITY COURT OF CITY OF MERCED, Respondent.

Kenneth C. Zwerin for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Petitioner herein seeks a writ of prohibition to restrain the respondent City Court of Merced from any further proceedings in the matter of *People* v. *Toni Dale*. It is alleged that complaints were filed in the respondent court charging petitioner with four separate crimes, two of them charging violation of subdivision 4 of section 51 of the Cali-

fornia Alcoholic Beverage Control Act and of section 315 of the Penal Code. Both offenses are misdemeanors. It is further alleged that on September 7, 1950, after these charges were made, petitioner, accompanied by her attorney, was arraigned upon all four charges and personally entered her plea of not guilty to each, and as to each requested a jury trial; that on October 23d following, petitioner's attorney appeared before the respondent court in the absence of petitioner and stated that she desired leave to change her pleas. Upon his motion this leave was granted. He thereupon, as petitioner's counsel, entered pleas of guilty to the two charges respecting the Beverage Control Act and Penal Code, section 315, and upon motion of the prosecuting attorney the remaining charges were dismissed. Petitioner's counsel then waived time for pronouncing judgment and sentence upon the pleas of guilty and thereupon the respondent court pronounced judgment as follows: That petitioner for violation of section 315 of the Penal Code pay a fine of $500 and serve 60 days in the county jail; that for violation of the Beverage Control Act she pay a fine of $150.

Petitioner alleges that she did not know that her attorney was intending to ask permission of the court to withdraw her former pleas nor of his intention, if such permission be granted, to plead her guilty to any of the charges; and that she did not authorize him to do so. Her position is that for want of authority the withdrawal of her pleas and the entering of the guilty pleas were void acts; that as a result thereof the records of the court purporting to show that she was convicted and sentenced must be held for naught. Petitioner makes it further to appear, and upon this there is no dispute, that on November 1, 1950, she moved the respondent court to set aside the pleas of guilty and that her motion was denied; that thereafter she appealed from that order of denial to the Superior Court in Merced County and that the superior court affirmed the order and thereafter denied her petition for rehearing; that remittitur has issued from the superior court to the respondent court, which, purporting to act pursuant to its judgments and sentences, has issued its bench warrant and directed that she be taken into custody.

Respondent first contends that prohibition does not lie in this matter because the issuance of the writ would be merely to stay the enforcing of the bench warrant which is in effect the stay of a ministerial act. (*Valentine* v. *Police Court,* 141 Cal. 615 [75 P. 336].) However, we prefer to pass upon the

merits of the petition, for if in truth by the proceedings complained of the respondent court wrongfully deprived petitioner of her right to a trial upon the charges made against her and of a right to have those charges tried to a jury, then denial of prohibition upon the technical ground as urged would but result in delay while petitioner submitted herself to restraint under the judgments and sentences claimed to be void and then applied to this or another court for a writ of habeas corpus to test the legality of her confinement. If, however, the actions of respondent court here assailed were done under warrant of law then it may as well be so here declared.

In the case of *In re Casas*, 9 Cal.App.2d 122 [48 P.2d 990], the following language upon the subject of pleas in justices' courts and courts of like jurisdiction appears: "They maintain that a plea of guilty cannot be entered by any attorney but must be entered by a defendant in person. In support of this contention they cited sections 977 and 1018 of the Penal Code and *In re Brain*, 70 Cal.App. 334 [233 P. 390].

"Those two sections of the Penal Code are found in the chapters dealing with criminal procedure in superior courts and relate to that subject only and not to justices' courts. (*People* v. *Aymar*, 98 Cal.App. 1 [276 P. 595].) The manner of entering a plea in a criminal case in a justice's court is set forth in section 1429 of the Penal Code. That section, unlike section 1018 of the Penal Code, does not contain the provision that the plea of guilty can be entered by the defendant only. Section 1434 of the Penal Code provides that the defendant must be present before the trial can proceed. Section 1451 of the same code contains the provision that a new trial in a justice's court may be granted 'when the trial has been had in the absence of the defendant, unless he voluntarily absent himself, with full knowledge that a trial is being had.' Thus it would seem that it is only during the trial in a justice's court that the defendant should be personally present and that his absence from the trial is not always a ground for a reversal of the judgment. It is our conclusion that in a criminal case in a justice's court a defendant need not personally enter the plea of guilty but that his attorney may enter it for him."

In 22 Corpus Juris Secundum, page 635, section 415, we find the following: "At common law accused was required to plead in person; and an applicable statute requiring him to do so is mandatory. Certainly, it is without the power and authority of the court to enter a plea for accused when he is absent and not represented by an attorney. However, accord-

ing to a distinction frequently made, in felony cases accused must appear and plead in person, while in misdemeanor cases this properly may be done by an attorney in his absence."

In 14 American Jurisprudence, page 944, section 259, it is stated: "There is no objection to pleading by attorney to a charge of misdemeanor, at least where the defendant has authorized it. This seems to be the rule even though the defendant is absent when the plea is made by counsel."

We think it significant that section 1018 of the Penal Code, dealing with pleas in felony cases before the superior courts, provides that such pleas must be put in by defendant himself in open court, whereas section 1429 regarding pleas in misdemeanor cases provides that pleas to such charges can be made by the defendant or by his counsel. The Legislature itself has thus drawn a definite line of demarcation between the matter of pleas before the superior courts in felony cases and the matter of pleas in inferior courts in misdemeanor cases.

We conclude that in misdemeanor cases before inferior courts of the class of respondent court a defendant's counsel may in the absence of the defendant plead him either guilty or not guilty or make any other plea authorized by the statutes.

By retaining counsel to represent her in the matter of these charges petitioner authorized him to take any step coming within the scope of his agency. When the petitioner here as defendant in the respondent court personally entered her pleas of not guilty to the charges against her she placed herself in no different position from the one she would have been in had her attorney entered her pleas in her absence. Had he in her absence entered pleas of not guilty he would also have had authority to change those pleas upon receiving the court's permission to withdraw the former pleas. We think that when petitioner entered her pleas personally instead of through her counsel she did not thereby limit his authority to act thereafter in the way he did; and that, notwithstanding her personal pleas, he had the same authority thereafter upon leave of court to change her pleas as he would have had had he in the first instance entered the not guilty pleas for her.

Petitioner argues that when she personally plead not guilty to the charges against her and demanded a jury trial as to each she thereby created a status such that the acts of her counsel in changing her pleas thereafter amounted to a waiver of her right to trial by a jury in violation of the provisions of the Constitution contained in article I, section 7 thereof. It is therein provided that: "The right of trial by

jury shall be secured to all, and remain inviolate; . . . A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel.''

■ We think the argument unsound. The constitutional guarantee has to do with the trial of issues that are made by the pleadings and if the pleadings are such that no issue is to be tried, as in the case of a plea of guilty, then the guarantee has no application, for there are no issues and there can be no trial. ■ There is, therefore, no occasion that the constitutional provisions as to the manner in which a jury trial may be waived be adhered to. In a certain sense, of course, a defendant who pleads guilty in a criminal case waives trial by jury in that he waives all trial and makes no issue. But the Constitution does not speak of such a waiver. On the contrary, it speaks of the trial of issues made by the pleadings, and assumes there are such. (See *In re Jingles,* 27 Cal.2d 496, 499 [165 P.2d 12].)

Although it appears from the record, as we have stated, that the respondent court acted pursuant to law in first granting to petitioner, upon application of her counsel, permission to withdraw her pleas of not guilty and in thereafter accepting her guilty pleas through her counsel, nevertheless the question of whether or not the counsel acted without authority in fact is presented by her pleading here. ■ But that issue of fact has already been determined, as likewise appears from her petition, and is now res judicata. ■ Her motion made in respondent court for leave to withdraw her pleas of guilty and to enter in lieu thereof pleas of not guilty was in the nature of a petition for a writ of error *coram nobis.* It was within the jurisdiction of the respondent court to entertain and decide. ■ Also the order denying such motion was an appealable order and the superior court had jurisdiction to reverse, affirm or modify the order appealed from. (*People* v. *Superior Court,* 28 Cal.App.2d 442 [82 P.2d 718].)

■ It appears without dispute from the record here that the factual issue involved was by the respondent court decided adversely to petitioner and it further appears that it was so determined upon conflicting evidence. The affidavit of petitioner and the affidavit of her counsel in support of her motion in respondent court was opposed factually by the presumption that her attorney acted within his authority; for an attorney acting and appearing for a party is presumed to have author-

ity to take action in all procedural matters involved in the proceeding in which he represents his client.

█ ''The rule, founded in reason and sanctioned by the authorities, is that it is presumed that an attorney appearing and acting for a party to a cause has authority to do so, and to do all other acts necessary or incidental to the proper conduct of the case, and the burden of proof rests on the party denying such authority, to sustain his denial by a clear preponderance of the evidence.'' (*People* v. *Western Meat Co.*, 13 Cal.App. 539, 545 [110 P. 338].)

█ Upon the factual conflict presented to it the respondent court made its determination. An appeal was taken to the superior court and that court affirmed the trial court's decision.

It therefore appears that as to the issue of fact which the petitioner seeks to present here the proceedings taken in the respondent court and the proceedings on appeal in the superior court have finally determined the same.

The writ is discharged.

Adams, P. J., and Peek, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 20, 1951. Schauer, J., voted for a hearing.