[Crim. No. 2538. Third Dist. Aug. 3, 1954.]

LESLIE S. TROMANHAUSER, Appellant, v. MUNICIPAL COURT FOR THE SACRAMENTO JUDICIAL DISTRICT, Respondent.

Leslie S. Tromanhauser, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—This is a motion to dismiss an appeal from an order denying petition for writ of error *coram nobis*. Throughout this proceeding appellant has acted in propria persona. The following appears from the record. Appellant was charged in the Sacramento Municipal Court with peace disturbance and with resisting an officer. On arraignment he entered a plea of not guilty to each charge and demanded a trial by jury. He was represented by counsel. He spent 11 days in jail and was then released on bail. While he was in a hospital in San Francisco his attorney appeared in court and moved the court for permission to withdraw the former pleas of not guilty. This motion was granted and thereupon, and in petitioner's absence, his attorney entered a plea of guilty to each count on appellant's behalf. Thereupon the court sentenced him to time already served.

He alleged in his petition for writ of error *coram nobis* that he was unaware of his attorney's actions in these matters and did not learn of them in time either to appeal or to move the court to vacate its judgment, restore him to the

status of not guilty pleas and accord him a trial. He complains that the record of his pleas and the following judgment is obnoxious and harmful to him. He alleges that not only did his attorney have no authority whatever to withdraw his pleas of not guilty and enter pleas of guilty in lieu thereof, but that such action was taken against his express directions communicated to his counsel. The judgment which he attacks was rendered in the municipal court on September 21st and on January 27th following he filed his petition for writ of error *coram nobis* in the Superior Court of Sacramento County. That court entered an order reciting that it had heard and considered on the merits the petition for the writ and that the petition was denied. From this order of denial this appeal was taken.

The motion is made upon the ground that the appeal is without merit and ought, therefore, to be dismissed without further consideration. Ordinarily this court is loath to dismiss an appeal upon these grounds, preferring, as is usual with courts, that all matters before it be disposed of upon the merits. However, it appears clearly that appellant has no real ground for appeal. ■ A petition for a writ of error *coram nobis* is essentially a motion to vacate a judgment upon factual grounds not appearing upon the record of the court pronouncing the judgment under attack. Ordinarily, therefore, such motion must be made in the court which rendered that judgment. ■ Whether or not a writ of error *coram nobis* will be granted always rests largely in the discretion of the court to which the application is made. If, therefore, the application is made to a court which stands in the relation of a reviewing court to the court which rendered the judgment grounds must be shown why the application was not made to that court itself. ■ In the present case appellant in his petition for the writ showed no ground whatever why he had not applied to the municipal court. All that is said in his petition upon that subject is that: "Correspondence re/ this information and petition was forwarded to Judge McDonnell [Judge of the Municipal Court which acted upon the criminal charges] under dates of November 25th, 30th, and December 17th last. No replies have been received." Such matter constitutes no excuse whatever for not applying to the municipal court for an order vacating its judgment. ■ That court had jurisdiction to entertain a motion to vacate its judgment, or, what is the same thing, to entertain a petition for writ of error *coram nobis*. (*People* v. *Superior*

*Court,* 28 Cal.App.2d 442, 446 [82 P.2d 718].) And although the trial court may have, and certainly justifiably could have, refused to enter into correspondence with petitioner concerning such a proceeding, nevertheless it cannot be assumed that there was on the part of that court any refusal to act upon a petition had it been filed. Appellant in his petition here under review further states that: "My motions to have the GUILTY PLEA expunged from my record; to dismiss the action because of insufficient evidence on the part of the State of California, and a request to reset for trial at an early date have been made all to no avail." If by the quoted language petitioner meant to aver that he had moved the municipal court to vacate its judgment, then no reason is given why upon denial of his motion he did not appeal therefrom to the Superior Court of Sacramento County, the court which has appellate jurisdiction over the municipal court. (*Dale* v. *City Court of Merced,* 105 Cal.App.2d 602 [234 P.2d 110].)

From the foregoing it is apparent that, even if the superior court had jurisdiction to entertain originally a motion to vacate the judgment of the municipal court—a matter of considerable doubt, but which it is not necessary for us to decide—yet it acted well within its discretion when, no reason being given it why the application was not made originally to the municipal court, it denied the petition. Assuming merit in fact in appellant's contentions that the judgment of the municipal court ought to be vacated, it is still open to him to move that court for such an order, although by his mistaking the proper forum in which the motion should be originally made he may by lapse of time have jeopardized his chances of success.

The appeal is dismissed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 2, 1954.