[No. A057563. First Dist., Div. Five. June 17, 1993.‡]

THE PEOPLE, Plaintiff and Respondent, v.
JACK DALE SOVEREIGN, Defendant and Appellant.

‡Review granted September 16, 1993. Opinion ordered published on October 13, 1994. Review dismissed December 15, 1994, with directions that the opinion remain published.

**COUNSEL**

Michael B. McPartland, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HANING, J.**—Jack Dale Sovereign appeals his conviction by guilty plea to attempted murder (Pen. Code, §§ 664, 187),[1] with great bodily injury (§ 1203.075) and by use of a deadly weapon (§ 12022, subd. (b)). He contends his plea is constitutionally defective because he did not expressly waive his right to a jury trial. We affirm.

### FACTS AND PROCEDURAL HISTORY

Because the facts underlying appellant's plea are not essential to the determination of this appeal, a brief summation will suffice. In the early evening hours of September 19, 1991, 62-year-old William Naish was asleep on the couch at his residence. He awoke to find appellant rummaging through a nightstand. When Naish went to the telephone to summon assistance, appellant pulled the telephone cord out of the wall and stabbed Naish multiple times with a knife.

Appellant pled guilty to attempted murder (§§ 664, 187, subd. (a)), and admitted he personally used a weapon in the commission of the offense (§ 12022, subd. (b)) and inflicted great bodily injury upon the victim. (§ 1203.075.) Pursuant to a plea bargain appellant was sentenced to a total term of ten years—the middle term of seven years for the attempted murder, a consecutive three-year term for great bodily injury and a concurrent one-year term for weapon use. The court ordered appellant, who was 19 years of age at the time of the offense, to be transferred to the custody of the California Youth Authority. (Welf. & Inst. Code, § 1731.5, subd. (c).)

I

Appellant contends his guilty plea is invalid and must be set aside because he never personally waived his right to a jury trial. The People concede that the record fails to reflect an express waiver by appellant of his right to a jury trial. The question is whether the absence of an express waiver of the right to a jury trial requires reversal on this record.

*Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709], held that when a criminal conviction results from a guilty plea, the record must demonstrate an intelligent and voluntary waiver of the federal constitutional rights of a jury trial, confrontation and freedom from compulsory self-incrimination, and that waiver cannot be presumed from a silent record. Shortly thereafter, in *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

P.2d 449], the California Supreme Court ruled that *Boykin* required the defendant must receive express admonitions and give express waivers of each of the three enumerated rights before acceptance of a guilty plea. (*Id.*, at p. 132.)

Recently, however, in *People* v. *Howard* (1992) 1 Cal.4th 1132 [5 Cal.Rptr.2d 268, 824 P.2d 1315], our Supreme Court modified the review of defective waivers of *Boykin/Tahl* rights. In *Howard*, the Supreme Court reviewed a defective admonition and waiver of the right against self-incrimination. The court traced the development of the law since its decisions in *In re Tahl*, *supra*, 1 Cal.3d 122 and *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]. *Tahl* held that "each of the three [*Boykin*] rights mentioned—self-incrimination, confrontation, and jury trial—must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." (*Id.*, at p. 132.) As *Howard* noted, the standard of review then arose "that the failure to obtain explicit waivers of each of the three *Boykin/Tahl* rights required reversal regardless of prejudice. [Citations.]" (1 Cal.4th 1132, at p. 1177.) The *Howard* court then observed that since *Tahl* was decided, "the overwhelming weight of authority no longer supports the proposition that the federal Constitution requires reversal when the trial court has failed to give explicit admonitions on each of the so-called *Boykin* rights." (*Id.*, at p. 1175.) ██ *Howard* abandoned the reversible per se standard as inconsistent with federal constitutional rulings, and adopted the federal test for reviewing error: "Under that test, a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances. [Citations.]" (*Ibid.*)

In *Howard*, the trial court advised the defendant of his rights to a jury trial and confrontation in connection with a section 667.5, subdivision (b) allegation of a prior prison term. But the court overlooked the privilege against self-incrimination; no admonition or waiver of that right was given or received. Nevertheless, the defendant had been expressly told that he had a right to force the prosecutor to prove the prior conviction in a trial, at which time he would have the right to a jury determination and to confront the evidence against him. He was represented by counsel, and there was a strong factual basis for the plea. As to the defective waiver of the right against self-incrimination, the court observed that " '[a] plea of guilty is the most complete form of self-incrimination. . . .' " (*People* v. *Howard*, *supra*, 1 Cal.4th at p. 1180.) Under these circumstances the court held that the admission of the prior prison term was voluntary and intelligent despite the omission of an explicit admonition of the privilege against self-incrimination.

A similar conclusion was reached in *People* v. *Randle* (1992) 8 Cal.App.4th 1023 [10 Cal.Rptr.2d 804], regarding waiver of a jury trial on a

prior conviction allegation. In *Randle*, the defendant admitted a prior conviction allegation while the jury was deliberating his guilt on the underlying offense. In fact, the jury took a recess in defendant's presence during the course of his admission. He was advised of and acknowledged his right to a jury trial on the prior conviction allegation, but was not asked whether he waived it, although he specifically waived his rights of confrontation and against self-incrimination. In reliance on *Howard*, the *Randle* court concluded that the defendant voluntarily and intelligently waived his right to a jury trial under the circumstances of that case.

**(1b)** Judged by *Howard* and *Randle*, we conclude the guilty plea in the instant case was voluntarily and intelligently entered. The record reveals appellant was actively represented by counsel and preparing for trial prior to his decision to enter a guilty plea. Before entering his plea appellant was advised by the court that he would be giving up the right to confront his accusers and his right against self-incrimination. Appellant was further advised that he would be relinquishing the right to present a defense and to present witnesses on his behalf. Appellant stated he understood and waived these rights.

Defense counsel assured the court that appellant understood the ramifications of his guilty plea. When defense counsel was asked by the court: "Do you concur with [appellant's] waiver of constitutional rights, specifically *waiver of right to trial by jury*?[,]" counsel replied: "Yes, I do." After appellant's plea was entered the court commented: "I do find [appellant] in full possession of his faculties, he understands and freely waives his constitutional rights, particularly *his right to jury trial*, to the confrontation of witnesses, [and] his privilege against self-incrimination . . . ." (Italics added.) Appellant was present when both the court and defense counsel specifically mentioned that he would be waiving his right to a jury trial by entering a guilty plea. He did not question or rebut this assertion, nor did he thereafter move or ask the trial court to vacate his plea.

Viewed in its entirety under the *Howard* standard, the record indicates that appellant's plea was voluntary and intelligent despite the absence of an explicit admonition and waiver by appellant of his right to a jury trial.

However, even though the present record may satisfy federal *Boykin* rights under the standard of review announced in *Howard*, it must still be determined whether state constitutional requirements are satisfied. Unlike the federal Constitution which has no corollary provision, the California Constitution contains a specific procedure for waiving the right to jury trial. Article I, section 16 of the California Constitution provides, in relevant part:

". . . A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. . . ." This being a provision of state law, its interpretation and the review of its alleged violation is governed by state rather than federal standards. Article I, section 24 of the California Constitution provides that "[r]ights guaranteed by this Constitution are not dependent on those guaranteed by the United States Constitution," a principle well established in California jurisprudence. (See, e.g., *Raven* v. *Deukmejian* (1990) 52 Cal.3d 336, 349-356 [276 Cal.Rptr. 326, 801 P.2d 1077]; *People* v. *Pettingill* (1978) 21 Cal.3d 231, 247 [145 Cal.Rptr. 861, 578 P.2d 108]; *In re Tahl, supra,* 1 Cal.3d at p. 132, fn. 5.)

■ In cases of a jury waiver and submission to a bench trial, the courts have consistently construed article I, section 16 of the California Constitution strictly, requiring an affirmative statement by the defendant; a waiver by counsel, even in the defendant's presence, has been deemed ineffective. (*People* v. *Holmes* (1960) 54 Cal.2d 442, 443-444 [5 Cal.Rptr. 871, 353 P.2d 583]; *People* v. *Walker* (1959) 170 Cal.App.2d 159, 165-166 [338 P.2d 536].) However, in the case of guilty pleas a different interpretation has emerged.

*In re Jingles* (1946) 27 Cal.2d 496 [165 P.2d 12], appears to be the first California Supreme Court case discussing the application of article I, section 16 of the California Constitution (formerly art. I, § 7). In *Jingles* the defendant, who was not represented by counsel, pled guilty to a misdemeanor. In his habeas corpus petition seeking to vacate his conviction and plea, he contended that since he was not represented by counsel, "there could be no valid waiver of a trial by jury by 'defendant and his counsel.' (Art. I, § [16], Constitution of the State of California.)" (27 Cal.2d at p. 499.) The Supreme Court rejected this contention, stating: "It is a sufficient answer to this point to state that after petitioner entered a valid plea of guilty, no question of the right to trial by jury or of the manner of waiving such right remained." (*Ibid.*)

*Jingles* was followed in *Dale* v. *City Court of Merced* (1951) 105 Cal.App.2d 602 [234 P.2d 110], wherein defendant initially pled not guilty to misdemeanors and demanded a jury trial. Thereafter, her attorney appeared and entered a guilty plea on her behalf. In a petition for writ of prohibition defendant contended that her conviction could not stand because she had not personally waived her right to jury trial under article I, section 16 of the state Constitution. In rejecting this contention, the court stated: "The constitutional guarantee has to do with the trial of issues that are made by the pleadings and if the pleadings are such that no issue is to be tried, as

in the case of a plea of guilty, then the guarantee has no application, for there are no issues and there can be no trial. There is, therefore, no occasion that the constitutional provisions as to the manner in which a jury trial may be waived be adhered to. In a certain sense, of course, a defendant who pleads guilty in a criminal case waives trial by jury in that he waives all trial and makes no issue. But the Constitution does not speak of such a waiver. On the contrary, it speaks of the trial of issues made by the pleadings, and assumes there are such. (See *In re Jingles*, 27 Cal.2d 496, 499 [].)" (*Dale* v. *City Court of Merced, supra*, at p. 607.)

In *In re Tahl, supra*, 1 Cal.3d 122, the defendant pled guilty to murder and other offenses, and received a death sentence from the jury in the penalty phase of his trial. Defendant's plea was entered prior to the *Boykin* decision, and was ruled valid under then existing law. The Supreme Court stated that it could "presume [defendant] was advised of his rights of confrontation and against self-incrimination from his acknowledgment that his attorney had explained his 'constitutional rights' to him. However, there was an apparent deficiency regarding a specific waiver of [defendant's] right to a jury trial, since in California such a waiver must be expressed *in words by the defendant* and cannot be implied from the defendant's conduct. (Cal. Const., art. I, § [16]; *People* v. *Holmes* [], *supra*, 54 Cal.2d 442; . . . ; see fn. 4, *ante*.) Waiver by counsel is not sufficient; a fortiori, having been 'advised' by counsel is not sufficient. On the other hand, there can be little dispute under the unusual circumstances of this case that the record demonstrates [defendant] actually knew of his right to a jury, since a jury had already been empaneled when he changed his plea. To [defendant], a jury was not an esoteric concept but an existential reality in the guise of 12 identifiable veniremen before whom he stood face to face." (*Id.*, at p. 131, italics in original.)

Footnote 4, at page 129 of the opinion, which the court cited in the above quote, states: "California law has long required that the waiver of a jury be express. (*People* v. *Holmes* (1960) 54 Cal.2d 442 [5 Cal.Rptr. 871, 353 P.2d 583) However, prior to *Boykin* v. *Alabama*, [] it was not necessary that acceptance of a guilty plea be preceded by a specific waiver of the right to a jury trial, or any other right (except the right to counsel, where none was present). Therefore, although the present record would be insufficient now to constitute a valid waiver of a jury trial, this does not necessarily preclude holding the plea of guilty to be acceptable under then existing California law." (*In re Tahl, supra*, 1 Cal.3d at p. 129, fn. 4.)

As we stated earlier, *People* v. *Holmes* involved a jury waiver, but a trial by the court. Footnote 4 thus appears to be in conflict with the text of the

decision on page 131, cited above, wherein the court cited article I, section 16 of the California Constitution and *Holmes* for the proposition that a jury waiver "must be expressed *in words by the defendant* and cannot be implied from the defendant's conduct." (*In re Tahl, supra,* 1 Cal.3d at p. 131, italics in original.)

In *In re Sutherland* (1972) 6 Cal.3d 666 [100 Cal.Rptr. 129, 493 P.2d 857], the court reasserted the constitutional requirement of personal waiver of the right to jury trial. In *Sutherland,* the defendant pled guilty 18 days after the *Boykin* decision. In reversing the conviction for failure of compliance with *Boykin/Tahl* standards, the Supreme Court noted: "Just prior to the acceptance of the guilty plea [defendant] had been informed of his right to trial by jury, but he did not personally waive his right to a jury trial. Personal waiver is constitutionally compelled and cannot be implied from conduct [citing article I, section 16 of the California Constitution, *Tahl* and *Holmes*]." (*Id.,* at p. 668, fn. 2.)

Then, in *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288 [110 Cal.Rptr. 329, 515 P.2d 273], the Supreme Court addressed the statutory right of persons charged with misdemeanors to respond and plead through counsel as provided by section 1429, without the necessity of a personal court appearance. In upholding the statutory right the *Mills* court stated, in another footnote: "Our conclusion that a misdemeanor defendant may waive his *Boykin/Tahl* rights through an adequate written document presented to the court is not inconsistent with article I, section [16] of the California Constitution . . . . Although a long line of California cases have made it clear that such waiver of a jury trial must be made by the defendant personally in open court (see, e.g., *People* v. *Holmes* (1960) 54 Cal.2d 442 []), this provision has never been applied in the context of a guilty plea, even though such a plea has, of course, always implicitly represented a relinquishment of the right to jury trial." The court then discussed and extensively cited *Dale* v. *City Court of Merced, supra,* 105 Cal.App.3d 602, as authority for the proposition that article I, section 16 of the California Constitution does not apply to guilty pleas, as opposed to jury waivers and trials to the court. The court then stated: "Although *Boykin* and *Tahl* now require that the record in a guilty plea situation make explicit the waiver of jury trial, that waiver has always been implicit in such a plea. As the *Dale* case indicates, the state constitutional provision is not directed at such a waiver and hence the requirement of a personal *in court* waiver by the defendant is not applicable. Any inference to the contrary in *In re Tahl* (1969) 1 Cal.3d 122, 131 [] is disavowed." (*Mills* v. *Municipal Court, supra,* at pp. 306-307, fn. 16; italics in original.)

Although *Mills* does not specifically disapprove the above quoted footnote in *Sutherland,* we presume that was an oversight. We are persuaded of this

by the specific page reference to *Tahl* made by the *Mills* court; it disavowed the statement on page 131 of *In re Tahl*, *supra*, 1 Cal.3d, which indicated that article I, section 16 of the California Constitution applied to cases of guilty pleas, but not footnote 4 on page 129, which indicates the contrary. Thus, although this series of judicial pronouncements may have generated some confusion, we think it is clear that our Supreme Court has interpreted article I, section 16 of the California Constitution as applying to a waiver of jury and trial by the court, and not to a guilty plea.

**(1c)** Consequently, having concluded that appellant's waiver met federal constitutional standards as defined by *People* v. *Howard*, *supra*, 1 Cal.4th 1132, and that California Constitution article I, section 16 does not apply to cases in which the defendant pleads guilty, we also hold that the circumstances in this case demonstrate that appellant was well aware of his right to jury trial as measured by state constitutional standards.

The judgment is affirmed.

Peterson, P. J., and King, J., concurred.