Filed 8/3/17; opinion on rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA081997) |
| v. | |
| ANTHONY EDWARD GANDY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Candace J. Beason, Judge. Affirmed.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Lance E. Winters, Assistant Attorneys General, Shawn McGahey Webb and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Anthony Edward Gandy appealed following his no contest plea, in which he admitted a prior strike based on three out-of-state felony convictions. Before entering his plea defendant moved to dismiss his prior convictions, which resulted from his no contest plea in 2001 to burglary and robbery charges in Oregon, on the ground they were obtained in violation of his constitutional rights under *Boykin-Tahl*.[1] On appeal, defendant argued he did not voluntarily and intelligently waive his rights when he pleaded no contest in the Oregon proceeding, and therefore the prior convictions could not be used to enhance his sentence. In our original opinion, we held that defendant could not collaterally attack his prior out-of-state convictions because "*Tahl*-like requirements" did not operate in Oregon at the time of his prior pleas. (See *People v. Green* (2000) 81 Cal.App.4th 463, 471 (*Green*).) We also held, in the alternative, that defendant's plea was voluntary and intelligent under the totality of the circumstances.

In his petition for rehearing defendant argued that Oregon's plea requirements are substantially similar to those of California under *Tahl* and its progeny—specifically, both jurisdictions require express, on-the-record admonitions and waiver of rights but permit reliance on a validly executed waiver form. Defendant also argued that our previous opinion relied on inapplicable authority in finding that his plea was voluntary and intelligent. We granted rehearing and directed counsel to file supplemental briefs. The People agreed that Oregon had *Tahl*-like requirements and hence defendant was permitted to collaterally attack his prior convictions, but maintained the

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

2

judgment should nevertheless be affirmed on our alternative holding.  After reconsidering these issues, we conclude defendant may collaterally attack his prior convictions but the judgment should be affirmed because his Oregon plea was voluntary and intelligent under the totality of the circumstances.

**FACTUAL AND PROCEDURAL SUMMARY**

The Los Angeles District Attorney charged defendant by information in December 2011 with seven counts:  dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1)),[2] assault with a semiautomatic firearm (§ 245, subd. (b)), possession of a firearm by a felon (§ 12021, subd. (a)(1)), possession of ammunition (§ 12316, subd. (b)(1)), sale and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), possession for sale of a controlled substance (Health & Saf. Code, § 11378), and leaving the scene of an accident (Veh. Code, § 20001, subd. (a)).  Three prior felony convictions were alleged as strikes (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)) and as prior serious felonies (§ 667, subd. (a)(1)).  Enhancements for personal use of a firearm also were alleged. (§§ 665, subd. (c), 1192.7, subd. (c), 12022.5, subd. (a).) Defendant pleaded not guilty and denied the special allegations.

In April 2012, defendant moved to dismiss the alleged 2001 prior Oregon felony convictions, which resulted from his no contest plea to two counts of burglary and one count of robbery. He argued the prior convictions could not be used to enhance his sentence because he had not been expressly advised of nor waived his rights, as required by *Boykin-Tahl* and Oregon law.  He cited the relevant Oregon statute, which provides:  "'(1) The court shall

---

[2]     Undesignated section references are to the Penal Code.

3

not accept a plea of guilty or no contest . . . without first addressing the defendant personally and determining that the defendant understands the nature of the charge. [¶] (2) The court shall inform the defendant: (a) That by a plea of guilty or no contest the defendant waives the right: [¶] [(A)] To trial by jury; [¶] [(B)] Of confrontation; and [¶] [(C)] Against self-incrimination." (Or. Rev. Stat. § 135.385.) As exhibits to his motion to dismiss, defendant attached the Oregon superseding indictment, his signed plea petition, a transcript of the plea and sentencing hearing, and his own declaration.

The plea petition was on a two-page form including half a page for defense counsel's certification. Paragraph 6 states: "I understand that I am not required to plead guilty or no contest and may plead not guilty if I choose. If I plead not guilty, I understand I am entitled to a speedy trial before a jury of my peers; . . . that I have an absolute right to confront any witness that would testify against me and cross examine such witness; [and] that I need not take the witness stand or give any testimony against myself." Paragraph 11 states: "I have taken no drink nor anything else which would in any way [impair] my judgment at this time, and I feel th[at] I am now fully alert and that in executing this petition I am doing so knowingly and voluntarily." Defendant signed and dated the petition. His attorney certified that he believed "the statements, representations and declarations made by Defendant in the foregoing petition are in all respects accurate and true." His attorney also certified "[t]hat in my opinion the Defendant's plea is voluntarily and understandingly made."

The transcript of the plea and sentencing hearing indicates that the Oregon trial court had ratified a plea bargain agreement

4

and defendant tendered the plea petition.  The transcript
includes the following colloquy:

> Judge:  Mr. Gandy uh, I see that you and Mr. Bain
> [defense counsel] have both signed this written
> plea petition.  Did you in fact sign this on
> November the 14th?
>
> Gandy:  Yes sir.
>
> Judge:  Did you have a chance to read through it
> carefully and discuss it with Mr. Bain before
> you signed it[?]
>
> Gandy:  Yes I did.
>
> Judge:  Any questions about what it says or what you
> are giving up by entering this plea?
>
> Gandy:  No.

In his declaration dated March 5, 2012, defendant stated that his
Oregon attorney told him to sign the plea petition, did not read
each word and paragraph to him, did not specifically advise him
of paragraph 6, and did not advise him that he was waving his
right to a jury trial, the right to confront witnesses, and the
privilege against self-incrimination when he pleaded guilty.

In June 2012, the California trial court held a hearing on
defendant's motion to dismiss the prior convictions.  The
prosecutor argued the *Boykin-Tahl* requirements were satisfied
because the plea petition advised defendant of his constitutional
rights and included his acknowledgment that the plea was
executed "knowingly and voluntarily."  Defense counsel countered
that the plea petition failed to specify which rights defendant was

5

waiving; and defendant did not expressly waive his *Boykin-Tahl* rights when entering his plea in open court.  The trial court took the matter under submission.

The court issued a minute order several days later denying defendant's motion.  The order explained:  "Although Gandy received incomplete *Boykin/Tahl* advisement in his Oregon case according to the standard set in [*People v. Mosby* (2004) 33 Cal.4th 353 (*Mosby*)] due to the lack of clear and on the record enumeration of his rights, the California Supreme Court has held in [*Garcia v. Superior Court* (1997) 14 Cal.4th 953, 966 (*Garcia*)] that a motion to dismiss due to the defense counsel['s] ineffective advice should not be granted where a defendant faces current prosecution with a noncapital offense.  In this instance, the case law supports denying defendant's motion to dismiss prior convictions."

In August 2014, the district attorney filed an amended information, which added a new count for possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)).  Defendant withdrew his plea of not guilty as to the counts for assault with a semiautomatic firearm (§ 245, subd. (b)) and possession of a controlled substance for sale (Health & Saf. Code, § 11378) pursuant to a plea agreement.  He entered a no contest plea, and admitted that he personally had used a firearm (§ 12022.5, subd. (a)) and previously had been convicted of one prior strike (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)).

Defendant was sentenced in May 2015 to a total term of 17 years and four months in state prison.  He filed a notice of appeal and request for a certificate of probable cause, which the trial court granted.

6

# DISCUSSION
## I

"In [*Boykin*] the United States Supreme Court determined that a defendant who pled guilty could attack the ensuing conviction on the ground the record did not affirmatively establish a knowing and intelligent waiver of certain constitutional rights—the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. [Citation.] Just months later, the California Supreme Court addressed the same issue in [*Tahl*]. Again, the defendant alleged his guilty plea was not made voluntarily or with a complete understanding of its consequences. The *Tahl* court, bound by *Boykin*, set forth the additional requirement that the record clearly state that the defendant specifically and expressly waived each of the three enumerated constitutional rights. [Citation.] Both *Tahl* and *Boykin* involved direct challenges on an appeal from the contested conviction." (*Green, supra,* 81 Cal.App.4th at p. 466.)

"In *People v. Sumstine* (1984) 36 Cal.3d 909 [(*Sumstine*)], the California Supreme Court considered whether a defendant, whose sentence was subject to enhancement by a prior conviction, was permitted to attack collaterally the validity of that conviction on *Boykin/Tahl* grounds. The court answered affirmatively, deciding that a defendant could question a prior conviction on any constitutional ground, including a *Boykin/Tahl* violation." (*Green, supra,* 81 Cal.App.4th at pp. 466-467.) "*Sumstine* directed trial courts to follow the following procedure: When a defendant makes sufficient allegations that his conviction, by plea, in the prior felony proceedings was obtained in violation of

7

his constitutional *Boykin-Tahl* rights, the trial court must hold an evidentiary hearing. At the hearing, the prosecution bears the initial burden of producing evidence that the defendant did indeed suffer the conviction. The defendant must then produce evidence to demonstrate his *Boykin-Tahl* rights were infringed. The prosecution then has the right to rebuttal, at which point reliance on a silent record will not be sufficient. [Citations.]" (*People v. Allen* (1999) 21 Cal.4th 424, 435 (*Allen*).)

The *Sumstine* decision was grounded on policy considerations favoring efficiency: "Previously we had allowed a defendant to challenge a prior by seeking a writ of habeas corpus after a final judgment in which the prior had been used to enhance his sentence. [Citations.] But in *Coffey* we decided that 'it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court.'" (*Sumstine, supra*, 36 Cal.3d at p. 920, quoting *People v. Coffey* (1967) 67 Cal.2d 204, 215, italics omitted.)

In *People v. Howard* (1992) 1 Cal.4th 1132, the California Supreme Court recognized that explicit admonitions and waivers of each of the three *Boykin-Tahl* rights are not required as a matter of federal constitutional law. (*Id.* at p. 1175.) The court adopted the federal test for validity, under which "a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances. [Citations.]" (*Howard*, at p. 1175.) The court also held that in the exercise of its supervisory powers it would "continue to require that trial courts expressly advise defendants on the record of their

8

*Boykin/Tahl* rights. However, errors in the articulation and waiver of those rights shall require the plea to be set aside only if the plea fails the federal test." (*Howard*, at p. 1175.)

A defendant's ability to collaterally attack a prior conviction under *Sumstine* was called into question by the United States Supreme Court decision in *Custis v. United States* (1994) 511 U.S. 485 (*Custis*), which involved a challenge to the defendant's prior state conviction based on a claim of ineffective assistance of counsel. The court held that the right to collaterally attack prior convictions used for sentence enhancement purposes cannot be extended beyond the right to have appointed counsel established under *Gideon v. Wainwright* (1963) 372 U.S. 335. (*Custis*, at p. 496.) The decision was based on the unique significance of depriving an indigent defendant of appointed counsel, the ease in determining from the record whether a failure to appoint counsel occurred, and the interest in promoting the finality of judgments. (*Id.* at pp. 494-497.)

Three years later, in *Garcia*, the California Supreme Court followed *Custis* in holding that "a criminal defendant may not challenge a prior conviction on the ground of ineffective assistance of counsel in the course of a current prosecution for a noncapital offense." (*Garcia, supra,* 14 Cal.4th at p. 956.) The court articulated several policy considerations to support its decision: "Such a claim [of ineffective assistance of counsel] often will necessitate a factual investigation with regard to counsel's actions, omissions, and strategic decisions, requiring the parties and the court to reconstruct events possibly remote in time, and to scour potentially voluminous records, substantially delaying the proceedings related to the current offense." (*Id.* at p. 965.) The court distinguished *Sumstine* as that case did not involve a

9

challenge to a prior conviction based on ineffective assistance of counsel. (*Garcia*, at p. 964.)

In *Allen*, *supra*, 21 Cal.4th 424, the California Supreme Court revisited *Sumstine* in light of *Custis* and *Garcia*, and held that *Sumstine* continues to allow a defendant to collaterally attack a prior conviction on *Boykin-Tahl* grounds unless the underlying plea preceded the decision in *Tahl*. (*Allen*, at p. 443.) The court noted that *Sumstine* was not based on "constitutional imperatives," but on the policy judgment that it is more efficient to hear a collateral attack on a prior conviction at trial rather than wait for a later challenge on habeas corpus. (*Allen*, at p. 435.) The court reasoned that *Sumstine* remains an efficient procedural rule as applied to post-*Tahl* guilty pleas, where "the record of the hearing in which the trial court accepted the defendant's plea should clearly demonstrate the defendant was told of his rights and that he affirmatively waived them." (*Allen*, at p. 442.) This efficiency rationale does not apply to pre-*Tahl* guilty pleas where the record is unlikely to clearly demonstrate whether the defendant was aware of and voluntarily waived his rights before pleading. (*Allen*, at p. 443.) The court accordingly held "that motions to strike prior felony convictions on *Boykin-Tahl* grounds are limited to post-*Tahl* guilty pleas." (*Allen*, at p. 443.)

The majority in *Allen* expressly declined to decide whether *Sumstine* permits a defendant to collaterally attack a prior out-of-state conviction. (*Allen*, *supra*, 21 Cal.4th at p. 443 & fn. 7.) However, Justice Baxter provided guidance in his concurring opinion: "The majority acknowledge that the *Sumstine* rule, as applied to *Boykin-Tahl* issues, is tolerable only insofar as we can expect the record of the challenged prior guilty plea readily to

10

show, on its face, that the defendant knew and waived his rights. For this reason, only priors governed by *Tahl*'s requirement of express admonitions and waivers may be the subject of a *Sumstine* motion. Just as this principle eliminates *Boykin-Tahl* challenges to California priors that predate *Tahl*, so must *Boykin-Tahl* challenges to non-California priors be excluded, except where it appears beyond doubt that the guilty pleas underlying such convictions were subject, under the law of the convicting jurisdictions, to *Tahl*-like procedural formalities." (*Id.* at p. 447 (conc. opn. of Baxter, J.) italics omitted.)

In *Green*, the Fifth District Court of Appeal followed Justice Baxter's concurrence in *Allen*, holding that "a defendant may not collaterally attack a prior out-of-state conviction unless there is evidence that *Tahl*-like requirements operated in the jurisdiction at the time of the plea." (*Green*, *supra*, 81 Cal.App.4th at pp. 470-471.) The court explained that "if a *Tahl*-like policy of requiring preplea advisements and waivers on the record was in effect in the state court where the plea was taken, we will allow a collateral attack on the ensuing conviction. If no such policy operated at the time or place of the prior plea, in the interests of finality of judgments recognized in *Custis* and judicial efficiency, we will not allow collateral challenges to the subsequent conviction." (*Id.* at p. 471.)

## II

In our previous opinion we concluded defendant was barred from collaterally attacking his prior convictions under *Green*, *supra*, 81 Cal.App.4th at pages 470-471 because he did not demonstrate that "*Tahl*-like" requirements operated in Oregon at the time of his prior no contest plea. We granted rehearing on

11

this issue and requested supplemental briefing. The parties are in agreement that there is substantial parity between the plea advisement and waiver requirements under California and Oregon law, and consequently defendant could collaterally attack his prior convictions. We agree.

*Tahl* held that the three rights identified in *Boykin* "must be specifically and expressly enumerated for the benefit of and waived by the accused prior to acceptance of his guilty plea." (*Tahl, supra*, 1 Cal.3d at p. 132.) *Tahl* required that "the record must contain on its face direct evidence that the accused was aware, or made aware of his" enumerated rights. (*Ibid.*, italics omitted.) However, *Tahl* did not require that these rights be explained and waived orally or in court at the time of the plea. In a footnote, the court indicated that "[w]hat is required is evidence that the particular right was known to and waived by the defendant. The explanation need not necessarily be by the court." (*Id.* at p. 133, fn. 6.)

In *In re Ibarra* (1983) 34 Cal.3d 277, 285, abrogated on other grounds as recognized in *Mosby, supra*, 33 Cal.4th at page 360, the Supreme Court held that under normal circumstances, where there is no indication the plea is otherwise involuntary, reliance on a validly executed waiver form satisfies the *Boykin-Tahl* requirements. The trial court "need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney." (*In re Ibarra,* at p. 286.) However, if the judge has reason to believe defendant does not fully understand his rights, the judge "must conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*Ibid.*) The Supreme Court later authorized this procedure in the context of a waiver of the right

12

to appeal.  (See *People v. Panizzon* (1996) 13 Cal.4th 68, 83 ["a court may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment"].)

Oregon Revised Statute section 135.385 codifies *Boykin* by requiring the trial court to inform the defendant that by pleading guilty or no contest, the defendant waives the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination.  (See Or. Rev. Stat. § 135.385(2); see also *Stelts v. State* (1985) 299 Or. 252 [701 P.2d 1047]; *Lyons v. Pearce* (1985) 298 Or. 554 [694 P.2d 969].)  In *Cruz v. Cupp* (1986) 78 Or.App. 303, 305 [716 P.2d 770, 771] the petitioner "challenged [his] conviction on the ground that the trial court did not orally advise him of the consequences of the plea."  He argued that the "[trial] court is required to address him personally on each matter contained in ORS 135.385(2)," that is, that by pleading no contest he waived the enumerated rights.  (*Cruz v. Cupp*, at p. 771.)  The court disagreed, finding that "[t]he trial court's duty to inform petitioner of the matters contained in ORS 135.385(2) was satisfied by the written plea petition, which contained the information required by ORS 135.385(2).  Trial counsel advised the court that he had explained the plea petition to petitioner and that petitioner had read and understood it before signing it.  Accordingly, the court ascertained that petitioner had the information to which he was entitled under ORS 135.385(2)." (*Cruz v. Cupp*, at p. 771, citing *Lyons v. Pearce*, at p. 974.)

Unlike *Tahl*, the Oregon cases do not explicitly require that evidence of the defendant's waiver appear on the record. However, taking the language of the Oregon statute together with its analysis by the Oregon courts, it appears that Oregon has a "*Tahl*-like" policy of requiring express, on-the-record

13

admonitions and waiver of rights, whether verbally or in writing. Thus, we can generally "expect the record of the challenged prior guilty plea readily to show, on its face, that the defendant knew and waived his rights." (*Allen*, *supra*, 21 Cal.4th at p. 447 (conc. opn. of Baxter, J).) Consequently, defendant was not barred from collaterally attacking his prior Oregon convictions. (*Green*, *supra*, 81 Cal.App.4th at pp. 470-471.)

## III

Proceeding to the merits of defendant's collateral attack on his prior convictions, we affirm the judgment because his prior no contest plea was constitutionally valid under the governing federal test. "Under that test, a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*Howard*, *supra*, 1 Cal.4th at p. 1175, citing *North Carolina v. Alford* (1971) 400 U.S. 25, 31 and *Brady v. United States* (1970) 397 U.S. 742, 747, fn. 4.)

In *Howard*, *supra*, 1 Cal.4th at page 1178, our Supreme Court abandoned the rule that "the absence of express admonitions and waivers requires reversal regardless of prejudice." In adopting the federal test, *Howard* acknowledged that the United States Supreme Court "has never read *Boykin* as requiring explicit admonitions on each of the three constitutional rights. Instead, the court has said that the standard for determining the validity of a guilty plea 'was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' (*North Carolina v. Alford*, *supra*, 400 U.S. at p. 31, citing *Boykin*, *supra*, 395 U.S. at p. 242; see also *Brady v. United States*, *supra*, 397 U.S. at pp. 747-748.) 'The new element added in *Boykin*' was

14

not a requirement of explicit admonitions and waivers but rather 'the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily.' (*Brady v. United States, supra,* 397 U.S. at pp. 747-748, fn. 4.)" (*Howard,* at p. 1177.)

The totality of the circumstances in this case demonstrates that defendant's plea was voluntary and intelligent. Defendant signed the plea petition, which advised him that he had the choice of pleading not guilty, and that he had a right to jury trial, to confront witnesses, and to invoke the privilege against self-incrimination. Defendant also acknowledged by signing the document that he was executing his plea "knowingly and voluntarily." Defense counsel certified that "[d]efendant's plea is voluntarily and understandingly made." And when defendant appeared in court, the trial judge asked whether he had "a chance to read through [the plea petition] carefully and discuss it with [defense counsel] before [he] signed it." Defendant responded affirmatively. When asked whether he had "[a]ny questions about what it says or what [he was] giving up by entering this plea," defendant said he did not.

Defendant contends his plea was not voluntary and intelligent because nothing in the record demonstrates that he was aware of and understood that by entering it he was waiving his *Boykin* rights. He argues that the plea petition was insufficient because it advised him of the rights to which he was entitled if he pleaded not guilty, but did not expressly state that he was waiving those rights by pleading guilty or no contest. He also contends the trial judge's "vague" questioning during the plea colloquy fell short of affirmatively showing that defendant knew precisely what he was giving up. Defendant points to his

15

declaration, which states that neither defense counsel nor the trial judge ever expressly advised him of his rights and the fact that he was waiving them by entering his plea.

However, the federal test does not require a showing that the trial judge specifically and expressly advised defendant that by pleading no contest he would be waiving his rights. (See, e.g., *Wilkins v. Erickson* (9th Cir. 1974) 505 F.2d 761, 762-763 [where judge receiving defendant's guilty plea determined he was pleading voluntarily and warned him of the possible sentencing consequences, defendant could not prevail on federal habeas corpus merely because the judge did not also specifically advise that he was waiving his *Boykin* rights by entering the plea].)[3] We

---

[3] Several cases in California also have upheld a defendant's plea or admission to prior convictions during trial as constitutionally valid under the totality of the circumstances even in the absence of an express advisement and waiver. (See, e.g., *Mosby*, *supra*, 33 Cal.4th at pp. 364-365 [defendant voluntarily and intelligently admitted his prior conviction despite being advised of and having waived only his right to jury trial]; *Howard*, *supra*, 1 Cal.4th at p. 1180 [defendant's admission of prior prison term was voluntary and intelligent despite absence of express waiver of privilege against self-incrimination]; *People v. Sovereign* (1993) 27 Cal.App.4th 317, 321 [defendant's plea was voluntary and intelligent despite absence of explicit admonition and waiver by defendant of his right to jury trial].) In his petition for rehearing, defendant argued these cases are inapposite. Although factually distinct, they support the proposition that express advisements and waivers are not necessarily required under the federal totality of the circumstances test. (See *People v. Lloyd* (2015) 236 Cal.App.4th 49, 58 ["[u]se of the totality of the circumstances test means California has rejected the rule that 'express admonitions and

find the language of the plea petition to be sufficiently clear to inform defendant that in pleading no contest he would be waiving his *Boykin* rights. Defendant does not claim that he did not or could not read or understand the plea petition. In fact, he confirmed to the trial judge that he had read the document carefully and had discussed it with defense counsel before signing it. Based on the plea petition and defendant's colloquy with the judge, a knowing and voluntary waiver is fairly implied.

We are not persuaded by defendant's declaration, in which he alleges defense counsel told him to sign the petition without advising him of his *Boykin* rights. This allegation is inconsistent both with defense counsel's certification that defendant's plea was made "voluntarily and understandingly" and defendant's own statements during the colloquy in which he acknowledged reading the plea petition carefully and discussing it with defense counsel. Similar conclusory declarations have been rejected as a basis for collateral attack of a prior conviction on *Boykin-Tahl* grounds. (See, e.g., *People v. Soto* (1996) 46 Cal.App.4th 1596, 1606.) And to the extent defendant alleges his attorney rendered ineffective assistance, this claim cannot be a basis to collaterally attack a prior conviction, as the trial court suggested below. (See *Garcia, supra,* 14 Cal.4th at p. 956.)

Under the totality of these circumstances, we conclude that defendant's plea was voluntary and intelligent and therefore his prior convictions are constitutionally valid. (See *Howard, supra,* 1 Cal. 4th at p. 1175.) The trial court's decision denying defendant's motion to dismiss was ultimately correct, and the prior conviction was properly used to enhance his sentence.

---

waivers' are the sine qua non of a knowing and intelligent waiver].)

17

## DISPOSITION

The judgment is affirmed.

## CERTIFIED FOR PUBLICATION.


EPSTEIN, P. J.


We concur:


MANELLA, J.


COLLINS, J.