Submitted on record and briefs December 23, 1985, reversed on appeal, affirmed on cross-appeal March 26, reconsideration denied April 25, petition for review denied May 28, 1986 (301 Or 165)

**ABRAHAM CRUZ,**
*Respondent - Cross-Appellant,*

*v.*

**CUPP,**
*Appellant - Cross-Respondent.*

(134,145; CA A32521)

716 P2d 770

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Brenda J. Peterson, Assistant

Attorney General, Salem, filed the briefs for appellant - cross-respondent.

Abraham Cruz, Salem, filed the brief *pro se* for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals the post-conviction court's vacation of petitioner's no contest plea to felony murder, and petitioner cross-appeals. Petitioner signed a no contest plea petition after being advised by trial counsel that, by entering the plea, he would waive his right to a jury trial, his right against self-incrimination and his right to confront witnesses. The court accepted the plea and entered a judgment of conviction. Petitioner challenged the conviction on the ground that the trial court did not orally advise him of the consequences of the plea. The post-conviction court granted the petition on that ground, vacated the trial court judgment, allowed petitioner to withdraw his plea and remanded. We reverse.

■ ORS 135.385(1) requires that, before accepting a no contest plea, the court address the defendant personally in order to determine that the defendant understands the nature of the charge. In open court, the trial judge and petitioner engaged in this discussion:

"THE COURT: Let me ask, Mr. Cruz, did you want to enter a plea of 'no contest' to this charge of felony-murder, which is the same as murder in the first degree? Do you want to enter that plea of 'no contest'?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Now, do you understand that, if you enter a plea of 'no contest', I do make a finding of 'guilty,' that that is what the law provides?

"THE DEFENDANT: Yes.

"THE COURT: Do you realize that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has it been explained to you, also, that, on a finding of guilty of this charge, felony-murder, a sentence of life imprisonment is mandatory? That's the sentence I must impose?

"THE DEFENDANT: Yes, sir.

"THE COURT: You know that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you want to enter this type of plea?

"THE DEFENDANT: Yes, Your Honor."

The court's questioning, as brief as it was, was sufficient to enable it to determine that petitioner understood the nature of the charge and thereby satisfied the requirement of ORS 135.385(1).

■ We next turn to ORS 135.385(2), which provides, in part:

"The court shall inform the defendant:

"(a) That by a plea of guilty or no contest the defendant waives the right:

"(A) To trial by jury;

"(B) Of confrontation; and

"(C) Against self-incrimination."

Petitioner argues that the court is required to address him personally on each matter contained in ORS 135.385(2). The trial court's duty to inform petitioner of the matters contained in ORS 135.385(2) was satisfied by the written plea petition, which contained the information required by ORS 135.385(2). Trial counsel advised the court that he had explained the plea petition to petitioner and that petitioner had read and understood it before signing it. Accordingly, the court ascertained that petitioner had the information to which he was entitled under ORS 135.385(2). *See Lyons v. Pearce,* 298 Or 554, 694 P2d 969 (1985).

Reversed on appeal; affirmed on cross-appeal.[1]

---

[1] We find no merit in the matters raised by petitioner in his cross-appeal.