943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Allen KENNEDY, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35097.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1991.
Decided Sept. 13, 1991.
 
 Before GOODWIN, SCHROEDER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Allen Kennedy appeals the district court's order dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 3
 We review de novo the district court's denial of habeas corpus relief. Cocio v. Bramlett, 872 F.2d 889 (9th Cir.1989). Kennedy alleged two grounds for relief before the district court. First, Kennedy argued that he was denied effective assistance of counsel; second, he argued that his guilty plea was involuntary. On appeal, Kennedy presents only his second claim, and we therefore confine our discussion to the validity of his plea.
 
 
 4
 The issue of whether a plea is voluntary is a question of law which we review de novo. Marshall v. Lonberger, 459 U.S. 422, 431 (1983). A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotations omitted).
 
 
 5
 Kennedy's principal argument is that the trial court did not personally inform him that by pleading guilty he was waiving a variety of constitutional rights, including the right to trial by jury, the right of confrontation, and the right against self-incrimination. Kennedy contends that because the trial court did not ensure that his plea was voluntary and intelligent, he was denied due process.
 
 
 6
 Kennedy claims that his plea was involuntary because the trial court did not comply with Or.Rev.Stat. § 135.385, which requires the court to address the defendant personally and review with him the waiver of constitutional rights such as those listed above. As Kennedy himself observes, the Oregon statute codifies the requirements of Boykin v. Alabama, 395 U.S. 238 (1969), in which the Supreme Court held that due process is offended where the record does not disclose that the defendant entered a voluntary and intelligent plea of guilt. Id. at 244. Provided the record shows that the accused has "a full understanding of what the plea connotes and of its consequence," id., there is no constitutional error.
 
 
 7
 In this case, Kennedy filed a plea petition with the trial court. Kennedy and his lawyer signed the petition, which states that the plea is voluntary and intelligent. In his exchange with the trial court, Kennedy stated that he discussed the petition with his attorney and that he had no questions concerning its contents.
 
 
 8
 In response to Kennedy's petition for post-conviction relief, the state court found that Kennedy's lawyer reviewed with him the provisions of the plea agreement, including the constitutional rights Kennedy sacrificed by entering a plea rather than proceeding to trial. The state court's factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(d).
 
 
 9
 The Oregon Court of Appeals has held that Or.Rev.Stat. § 135.385(1) is satisfied when the trial court's questioning "enables it to determine that petitioner understood the nature of the charge...." Cruz v. Cupp, 716 P.2d 770, 771 (1986). With respect to Or.Rev.Stat. § 135.385(2), the Oregon Court of Appeals has ruled that the statute is satisfied by submission of the written plea petition. Id. We agree with both holdings.
 
 
 10
 Our review of the record, specifically the exchange between Kennedy and the court preceding the acceptance of the plea, demonstrates that Kennedy voluntarily and intelligently waived his constitutional rights. Because Kennedy suffered no deprivation of due process, we affirm the district court's denial of the writ for habeas corpus. See Wilkins v. Erickson, 505 F.2d 761, 763 (1974).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3