Filed 9/28/15  P. v. Whitmire CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C077418 |
| Plaintiff and Respondent, | (Super. Ct. No. P12CRM0817) |
| v. | |
| BRENTON TOLLISON WHITMIRE, | |
| Defendant and Appellant. | |

Defendant Brenton Tollison Whitmire appeals the trial court's denial of his pretrial challenge to the constitutional validity of one of his three prior out-of-state convictions for driving under the influence of drugs or alcohol.  We shall affirm the judgment.

1

## PROCEDURAL BACKGROUND

In light of the limited nature of defendant's claim, a detailed recitation of his underlying conviction is unnecessary. The relevant factual background is set forth in our discussion of defendant's claim.

On December 5, 2013, defendant was charged by information with driving under the influence of alcohol (Veh. Code, § 23152, subd. (a)—count 1),[1] driving while having a blood-alcohol level at or above 0.08 percent (§ 23152, subd. (b)—count 2), and misdemeanor driving without a license (§ 12500, subd. (a)—count 3). The information alleged that, as to counts 1 and 2, defendant was previously convicted of driving under the influence of drugs or alcohol three times within the last 10 years (§ 23550, subd. (a)): an April 2008 conviction in South Carolina; a May 2008 conviction in South Carolina; and an October 2008 conviction in Colorado.[2]

Prior to trial, defendant filed a motion to strike the May 2008 South Carolina conviction. Specifically, defendant's motion challenged the constitutional validity of the prior conviction on the grounds that he was not advised of, had no knowledge of, and did not waive his constitutional rights; was not represented by counsel and was not informed of his right to retain counsel or have counsel provided to him; did not waive his constitutional rights knowingly, voluntarily, and intelligently; was prejudiced because he would not otherwise have pleaded guilty had he known of his constitutional rights; and was prejudiced because his plea was not knowing, voluntary, and intelligent; and that neither the court docket nor the written waiver reflect a proper advisement or a free, voluntary, and intelligent waiver of his rights.

Following a hearing, the trial court denied defendant's motion.

---

[1] Undesignated statutory references are to the Vehicle Code.

[2] Page 3 of the information contains a typographical error incorrectly identifying the second conviction date as May 29, 2009, instead of May 29, 2008.

In a bifurcated trial, the court found true the two prior South Carolina conviction allegations. Defendant entered a plea of no contest to count 2 and admitted the prior Colorado conviction allegation. The remaining counts were dismissed in the interest of justice. The trial court suspended imposition of sentence and granted defendant five years of formal probation subject to terms and conditions including one year in county jail.

Defendant filed a timely notice of appeal. The trial court granted defendant's request for a certificate of probable cause.

## DISCUSSION

Defendant contends the trial court should have stricken his May 2008 South Carolina conviction as constitutionally invalid because his plea was not knowing, voluntary, or intelligent. The claim lacks merit.

We begin with a brief historical discussion, as set forth in *People v. Green* (2000) 81 Cal.App.4th 463 at pages 466 to 467 (*Green*):

" . . . In [*Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274] (*Boykin*)], the United States Supreme Court determined that a defendant who pled guilty could attack the ensuing conviction on the ground the record did not affirmatively establish a knowing and intelligent waiver of certain constitutional rights—the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. (*Id*. at pp. 243-244 [23 L.Ed.2d at pp. 279-280].) Just months later, the California Supreme Court addressed the same issue in *In re Tahl* [(1969)] 1 Cal.3d 122 [(*Tahl*)]. Again, the defendant alleged his guilty plea was not made voluntarily or with a complete understanding of its consequences. The *Tahl* court, bound by *Boykin*, set forth the additional requirement that the record clearly state that the defendant specifically and expressly waived each of the

3

three enumerated constitutional rights. ([*Tahl,*] at p. 132.) Both *Tahl* and *Boykin* involved direct challenges on an appeal from the contested conviction.

"In *People v. Sumstine* (1984) 36 Cal. 3d 909 (*Sumstine*), the California Supreme Court considered whether a defendant, whose sentence was subject to enhancement by a prior conviction, was permitted to attack collaterally the validity of that conviction on *Boykin/Tahl* grounds. The court answered affirmatively, deciding that a defendant could question a prior conviction on any constitutional ground, including a *Boykin/Tahl* violation. 'When a defendant has made allegations sufficient to justify a hearing, the court must conduct an evidentiary hearing in the fashion set forth in [*People v.*] *Coffey* [(1967) 67 Cal. 2d 204]: "[T]he prosecutor shall first have the burden of producing evidence of the prior conviction sufficient to justify a finding that defendant 'has suffered such previous conviction.' (Pen. Code, § 1025.) . . . [W]hen this prima facie showing has been made, the defendant shall thereupon have the burden of producing evidence that his constitutional [*Boykin/Tahl* rights were] infringed in the prior proceeding at issue . . . . [I]f [the] defendant bears this burden, the prosecution shall have the right to produce evidence in rebuttal." . . . ' (*Sumstine*, *supra*, 36 Cal.3d at p. 923.)"

In 1992, the California Supreme Court revisited *Tahl* and held that, when the record fails to reveal an express advisement and waiver of rights, a plea nonetheless will be deemed "valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*People v. Howard* (1992) 1 Cal.4th 1132, 1175.) The court noted its decision brought California into conformity with the federal standard for invalidating a plea under *Boykin*. (*Howard*, at pp. 1177-1178.)

Seven years later, the California Supreme Court delineated the procedure for collaterally attacking a prior conviction based on a claimed inadequacy in the advisement or waiver of rights by requiring that, once the prosecution produces evidence that the defendant suffered the prior conviction, the defendant must produce evidence

4

demonstrating a violation of the *Boykin-Tahl* requirements. (*People v. Allen* (1999) 21 Cal.4th 424, 435.) If the defendant meets this burden, the prosecution has the right to rebut the defendant's showing. (*Ibid.*)

The *Allen* majority, however, left unanswered the question of what is required for a constitutional challenge to a prior out-of-state conviction in a jurisdiction not bound by the *Tahl* rule. Faced with a challenge to a prior Texas conviction and no indication in the record whether Texas required *Tahl*-like admonishments when the defendant's plea was taken, the court in *Green*, *supra*, 81 Cal.App.4th 463, directly addressed the issue and concluded that, "in the absence of the expectation that the advisements and waivers of constitutional rights will appear on the face of the record, determination of the voluntariness of an out-of-state plea would be an onerous task and place an unreasonable burden on the trial courts. [Fn. omitted.] Allowing a defendant to challenge a plea based on an out-of-state conviction not entered under *Tahl*-like protections is judicially inefficient and will saddle the California trial courts with obligations not required by either the federal or state constitutions. Consequently, a defendant may not collaterally attack a prior out-of-state conviction unless there is evidence that *Tahl*-like requirements operated in the jurisdiction at the time of the plea." (*Green*, at pp. 470-471.) In the absence of a policy requiring preplea advisements and waivers on the record in the state where the plea was taken, collateral challenges to the subsequent conviction are not allowed. (*Ibid.*)

Here, defendant made no showing that *Tahl*-like procedures operated in South Carolina when he entered his plea. He argued that he "was not advised of, did not know of, and never waived his rights to counsel, jury trial, confrontation and silence" in entering his plea. Other than his own declaration attesting thereto, he offered only the traffic citation issued to him, noting the absence of any indication on that citation that he was advised of his rights, and argued that "[t]he record is completely silent as to oral

advisement of rights." He also noted the absence of a "verbatim record" or reporter's transcript of the taking of his plea, but offered no evidence regarding South Carolina's policy requiring *Tahl*-like advisements and waivers when pleas are taken.

Defendant claims, as he did below, that the rule in *Green* does not apply here because *Green* did not deal with a DUI conviction and was not argued under the statutory authority of section 41403 which, he urges, "expressly permits" his constitutional challenge. As authority for that proposition, defendant simply quotes without analysis the following passage from *Larsen v. Department of Motor Vehicles* (1995) 12 Cal.4th 278 (*Larsen*): "*Even in the criminal context*, a number of states other than California require a defendant who challenges the validity of a prior out-of-state conviction to raise any challenge to the conviction in the courts of the rendering state . . . ." (*Id.* at pp. 287-288.) We are not persuaded.

Section 41403 provides:

"(a) In any proceedings to have a judgment of conviction of a violation of Section 14601, 14601.1, 14601.2, 23152, or 23153, or Section 23103 as specified in Section 23103.5, which was entered in a separate proceeding, declared invalid on constitutional grounds, the defendant shall state in writing and with specificity wherein the defendant was deprived of the defendant's constitutional rights, which statement shall be filed with the clerk of the court and a copy served on the court that rendered that judgment and on the prosecuting attorney in the present proceedings at least five court days prior to the hearing thereon.

"(b) Except as provided in subdivision (c), the court shall, prior to the trial of any pending criminal action against the defendant wherein the separate conviction is charged as such, hold a hearing, outside of the presence of the jury, in order to determine the constitutional validity of the charged separate conviction issue. At the hearing the procedure, the burden of proof, and the burden of producing evidence shall be as follows:

6

"(1) The prosecution shall initially have the burden of producing evidence of the separate conviction sufficient to justify a finding that the defendant has suffered that separate conviction.

"(2) After the production of evidence required by paragraph (1), the defendant then has the burden of proof by a preponderance of the evidence that the defendant's constitutional rights were infringed in the separate proceeding at issue. If the separate conviction sought to be invalidated is based upon a plea of guilty or nolo contendere, the defendant shall provide the court with evidence of the prior plea, including the court docket, written waivers of constitutional rights executed by the defendant, and transcripts of the relevant court proceedings at the time of the entry of the defendant's plea. These records shall be provided to the defendant without cost to him or her, when the defendant is represented by the public defender or counsel appointed pursuant to Section 987.2 of the Penal Code.

"(3) If the defendant bears this burden successfully, the prosecution shall have the right to produce evidence in rebuttal.

"(4) The court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any separate conviction found to be constitutionally invalid.

"(c) If the defendant fails to comply with the notice requirement of subdivision (a) or fails to produce the evidence required by paragraph (2) of subdivision (b), the court shall hear the motion at the time of sentencing in lieu of continuing the trial, unless good cause is shown for failure to provide notice pursuant to subdivision (a) or produce the evidence required by paragraph (2) of subdivision (b), in which case the court shall grant a continuance of the trial for a reasonable period. The procedure, burden of proof, and burden of producing evidence as provided in subdivision (b) shall apply regardless of when the motion is heard."

We know of no authority to support defendant's argument that the rule prohibiting collateral attack on a prior out-of-state conviction in the absence of a policy requiring *Tahl*-like advisements and waivers in the jurisdiction at the time the plea was taken (*Green*, *supra*, 81 Cal.App.4th at pp. 470-471) does not apply to Vehicle Code violations. While section 41403 addresses prior judgments of conviction "entered in a separate proceeding" (§ 41403, subd. (a)), it limits those judgments of conviction to violations of specified sections of California's Vehicle Code and it states nothing regarding out-of-state convictions. *Green*, on the other hand, specifically addresses out-of-state convictions, and there is no language in *Green* limiting the application of the rule to certain crimes. Similarly, nothing in section 41403 provides an exception to the *Green* rule.

*Larsen*, *supra*, 12 Cal.4th 278, the case on which defendant relies, neither discusses section 41403 nor addresses the issue before us. There, our state's highest court considered whether a person claiming his out-of-state conviction is constitutionally invalid must raise his constitutional objection in the rendering jurisdiction in order to avoid the adverse effect that such a conviction may have on his California driving privileges. (*Larsen*, at pp. 287-288.) *Larsen* is inapposite.

In light of defendant's failure to produce evidence of *Tahl*-like requirements in effect in South Carolina when he entered his plea, we need not reach defendant's claim that the prosecution did not meet its burden of producing evidence of the prior conviction in the first instance. In that regard, however, it is worth noting that the fact of defendant's prior conviction did not appear to be in dispute. While defense counsel objected to the prosecution's exhibit purporting to reflect the challenged traffic citation, it was defendant who produced evidence demonstrating he suffered the prior conviction, first conceding as much in his motion to strike by admitting that he entered a no contest plea to the South Carolina DUI charge in May 2008, and then by attaching a copy of the

traffic citation to his motion.  Finally, at the hearing on the motion to strike, defendant did not dispute that his no contest plea led to his conviction on May 29, 2008.

The trial court did not err in denying defendant's motion to strike the prior conviction.

## DISPOSITION

The judgment is affirmed.

$\underline{\hspace{3cm}\text{BUTZ}\hspace{3cm}}$, J.

We concur:

$\underline{\hspace{2cm}\text{ROBIE}\hspace{2cm}}$, Acting P. J.

$\underline{\hspace{2cm}\text{HOCH}\hspace{2cm}}$, J.

9