Filed 3/29/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264452 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA081997) |
| v. | |
| ANTHONY EDWARD GANDY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Candace J. Beason, Judge. Affirmed.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Anthony Edward Gandy appeals following his no contest plea, in which he admitted a prior strike (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d))[1] based on three out-of-state felony convictions.  Before he entered his plea, defendant moved to dismiss his prior felony convictions, which resulted from his no contest plea in 2001 to burglary and robbery charges in Oregon, on the ground that those convictions were obtained in violation of his constitutional rights under *Boykin-Tahl*.[2]

Defendant contends he did not voluntarily and intelligently waive his *Boykin-Tahl* rights (the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination) when he pleaded no contest in the Oregon proceeding, and therefore the prior convictions cannot be used to enhance his sentence in this case.  However, defendant may not collaterally attack a prior out-of-state conviction without demonstrating that "*Tahl*-like requirements operated in the jurisdiction at the time of the plea."  (*People v. Green* (2000) 81 Cal.App.4th 463, 471 (*Green*).)  Defendant did not meet this burden.  We also find that his plea was voluntary and intelligent under the totality of the circumstances.  We therefore affirm.

## FACTUAL AND PROCEDURAL SUMMARY

The Los Angeles District Attorney charged defendant by information in December 2011 with seven counts:  dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 1), assault with a semiautomatic firearm (§ 245, subd. (b); count 2), possession of a firearm by a felon (§ 12021, subd. (a)(1); count 3),

---

[1]     Undesignated section references are to the Penal Code.

[2]     *Boykin v. Alabama* (1969) 395 U.S. 238 (*Boykin*); *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*).

possession of ammunition (§ 12316, subd. (b)(1); count 4), sale and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a); count 5), possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 6), and leaving the scene of an accident (Veh. Code, § 20001, subd. (a); count 7). Three prior felony convictions were alleged as strikes (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)) and as prior serious felonies (§ 667, subd. (a)(1)). Enhancements for personal use of a firearm also were alleged. (§§ 665, subd. (c), 1192.7, subd. (c), 12022.5, subd. (a).) Defendant pleaded not guilty and denied the special allegations.

In April 2012, defendant moved to dismiss the alleged prior felony convictions, which resulted from his no contest plea to two counts of burglary and one count of robbery before an Oregon court in 2001. He argued the prior convictions could not be used to enhance his sentence because he had not been expressly advised of nor waived his rights, as required by *Boykin-Tahl* and Oregon law. He cited the relevant Oregon statute, which provides: "'(1) The court shall not accept a plea of guilty or no contest . . . without first addressing the defendant personally and determining that the defendant understands the nature of the charge. [¶] (2) The court shall inform the defendant: (a) That by a plea of guilty or no contest the defendant waives the right: [¶] [(A)] To trial by jury; [¶] [(B)] Of confrontation; and [¶] [(C)] Against self-incrimination." (Or. Rev. Stat. § 135.385.) As exhibits to his motion to dismiss, defendant attached the Oregon superseding indictment, his signed plea petition, a transcript of the plea and sentencing hearing, and his own declaration.

The plea petition was a two-page form including half a page for defense counsel's certification. Paragraph 6 stated: "I

3

understand that I am not required to plead guilty or no contest and may plead not guilty if I choose. If I plead not guilty, I understand I am entitled to a speedy trial before a jury of my peers; . . . that I have an absolute right to confront any witness that would testify against me and cross examine such witness; [and] that I need not take the witness stand or give any testimony against myself." Paragraph 11 stated: "I have taken no drink nor anything else which would in any way [impair] my judgment at this time, and I feel th[at] I am now fully alert and that in executing this petition I am doing so knowingly and voluntarily." Defendant signed and dated the petition. His attorney certified that he believed "the statements, representations and declarations made by Defendant in the foregoing petition are in all respects accurate and true." His attorney also certified "[t]hat in my opinion the Defendant's plea is voluntarily and understandingly made."

The transcript of the plea and sentencing hearing indicates that the Oregon trial court had ratified a plea bargain agreement and defendant tendered the plea petition. The transcript includes the following colloquy:

Judge: Mr. Gandy uh, I see that you and Mr. Bain [defense counsel] have both signed this written plea petition. Did you in fact sign this on November the 14th?

Gandy: Yes sir.

Judge: Did you have a chance to read through it carefully and discuss it with Mr. Bain before you signed it[?]

4

Gandy: Yes I did.

Judge: Any questions about what it says or what you are giving up by entering this plea?

Gandy: No.

In his declaration dated March 5, 2012, defendant stated that his attorney in Oregon told him to sign the plea petition, did not read each word and paragraph to him, never specifically advised him of paragraph 6, and never advised him that he was waving his right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination when he pleaded guilty.

In June 2012, the California trial court held a hearing on defendant's motion to dismiss the prior convictions. The prosecutor argued that the *Boykin-Tahl* requirements were satisfied because the plea petition advised defendant of his constitutional rights and included his acknowledgment that the plea was executed "knowingly and voluntarily." Defense counsel countered that the plea petition failed to specify which rights defendant was waiving; and defendant did not expressly waive his *Boykin-Tahl* rights when entering his plea in open court. The trial court took the matter under submission.

The court issued a minute order several days later denying defendant's motion. The court reasoned: "Although Gandy received incomplete *Boykin/Tahl* advisement in his Oregon case according to the standard set in [*People v. Mosby* (2004) 33 Cal.4th 353 (*Mosby*)] due to the lack of clear and on the record enumeration of his rights, the California Supreme Court has held in [*Garcia v. Superior Court* (1997) 14 Cal.4th 953, 966 (*Garcia*)] that a motion to dismiss due to the defense counsels' [*sic*] ineffective advice should not be granted where a defendant faces

5

current prosecution with a noncapital offense. In this instance, the case law supports denying defendant's motion to dismiss prior convictions."

In August 2014, the district attorney filed an amended information, which added an eighth count for possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)). Defendant withdrew his plea of not guilty as to counts two and six pursuant to a plea agreement. He entered a no contest plea, and admitted that he had personally used a firearm (§ 12022.5, subd. (a)) and previously had been convicted of one prior strike (§§ 667, subds. (b)-(i), 1170.12, subd. (a)-(d)).

Defendant was sentenced in May 2015 to a total term of 17 years and four months in state prison. He filed a notice of appeal and request for a certificate of probable cause, which the trial court granted.

## DISCUSSION

Defendant contends the trial court erred when it denied his motion to dismiss the prior out-of-state convictions under *Garcia* even though the court found he did not receive adequate *Boykin-Tahl* advisements. He notes that the trial court misconstrued his motion as raising a claim of ineffective assistance of counsel, when in fact the motion was solely based on an alleged *Boykin-Tahl* violation. The People agree that the court erred because defendant never asserted ineffective assistance of counsel, but maintain the judgment should be affirmed because defendant's plea was voluntary and intelligent under the totality of the circumstances.

Although the trial court erroneously denied the motion under *Garcia, supra*, 14 Cal.4th 953, the court's ultimate ruling

6

was correct and will be affirmed.  (See *People v. Smithey* (1999) 20 Cal.4th 936, 972 [a ruling will not be disturbed on appeal merely because it was given for a wrong reason; it must be sustained if correct under any applicable theory].)  Here, defendant may not collaterally attack his prior out-of-state conviction because he did not demonstrate that "*Tahl*-like requirements" operated in Oregon at the time of the plea.  (*Green, supra*, 81 Cal.App.4th at p. 471.)  Even considering defendant's challenge on the merits, the record affirmatively shows that his plea was voluntary and intelligent under the totality of the circumstances.  (*People v. Howard* (1992) 1 Cal.4th 1132, 1177-1178 (*Howard*).)

# I

"In [*Boykin*] the United States Supreme Court determined that a defendant who pled guilty could attack the ensuing conviction on the ground the record did not affirmatively establish a knowing and intelligent waiver of certain constitutional rights—the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. [Citation.]  Just months later, the California Supreme Court addressed the same issue in [*Tahl*].  Again, the defendant alleged his guilty plea was not made voluntarily or with a complete understanding of its consequences.  The *Tahl* court, bound by *Boykin*, set forth the additional requirement that the record clearly state that the defendant specifically and expressly waived each of the three enumerated constitutional rights.  [Citation.]  Both *Tahl* and *Boykin* involved direct challenges on an appeal from the contested conviction."  (*Green, supra*, 81 Cal.App.4th at p. 466.)

"In *People v. Sumstine* (1984) 36 Cal.3d 909 [(*Sumstine*)],

the California Supreme Court considered whether a defendant, whose sentence was subject to enhancement by a prior conviction, was permitted to attack collaterally the validity of that conviction on *Boykin/Tahl* grounds. The court answered affirmatively, deciding that a defendant could question a prior conviction on any constitutional ground, including a *Boykin/Tahl* violation." (*Green, supra*, 81 Cal.App.4th at pp. 466-467.) "*Sumstine* directed trial courts to follow the following procedure: When a defendant makes sufficient allegations that his conviction, by plea, in the prior felony proceedings was obtained in violation of his constitutional *Boykin-Tahl* rights, the trial court must hold an evidentiary hearing. At the hearing, the prosecution bears the initial burden of producing evidence that the defendant did indeed suffer the conviction. The defendant must then produce evidence to demonstrate his *Boykin-Tahl* rights were infringed. The prosecution then has the right to rebuttal, at which point reliance on a silent record will not be sufficient. [Citations.]" (*People v. Allen* (1999) 21 Cal.4th 424, 435 (*Allen*).)

The decision in *Sumstine* was grounded on policy considerations favoring efficiency: "Previously we had allowed a defendant to challenge a prior by seeking a writ of habeas corpus after a final judgment in which the prior had been used to enhance his sentence. [Citations.] But in *Coffey* we decided that 'it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court.'" (*Sumstine, supra*, 36 Cal.3d at p. 920, quoting *People v. Coffey* (1967) 67 Cal.2d 204, 215, italics omitted.)

In *Howard, supra*, 1 Cal.4th at page 1175, the California Supreme Court recognized that explicit admonitions and waivers of each of the three *Boykin-Tahl* rights are not required as a matter of federal constitutional law. The court adopted the federal test for validity, under which "a plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances. [Citations.]" (*Howard*, at p. 1175.) The court also held that in the exercise of its supervisory powers it would "continue to require that trial courts expressly advise defendants on the record of their *Boykin/Tahl* rights. However, errors in the articulation and waiver of those rights shall require the plea to be set aside only if the plea fails the federal test." (*Howard*, at p. 1175.)

A defendant's ability to collaterally attack a prior conviction under *Sumstine* was called into question by the United States Supreme Court decision in *Custis v. United States* (1994) 511 U.S. 485 (*Custis*), which involved a challenge to the defendant's prior state conviction based on a claim of ineffective assistance of counsel. The court held that the right to collaterally attack prior convictions used for sentence enhancement purposes cannot be extended beyond the right to have appointed counsel established under *Gideon v. Wainwright* (1963) 372 U.S. 335. (*Custis*, at p. 496.) The decision was based on the unique significance of depriving an indigent defendant of appointed counsel, the ease in determining from the record whether a failure to appoint counsel occurred, and the interest in promoting the finality of judgments. (*Id.* at pp. 494-497.)

Three years later, in *Garcia*, the California Supreme Court followed *Custis* in holding that "a criminal defendant may not challenge a prior conviction on the ground of ineffective

9

assistance of counsel in the course of a current prosecution for a noncapital offense." (*Garcia, supra,* 14 Cal.4th at p. 956.) The court articulated several policy considerations to support its decision: "Such a claim [of ineffective assistance of counsel] often will necessitate a factual investigation with regard to counsel's actions, omissions, and strategic decisions, requiring the parties and the court to reconstruct events possibly remote in time, and to scour potentially voluminous records, substantially delaying the proceedings related to the current offense." (*Id.* at p. 965.) The court distinguished *Sumstine* as that case did not involve a challenge to a prior conviction based on ineffective assistance of counsel. (*Garcia,* at p. 964.)

In *Allen, supra,* 21 Cal.4th 424, the California Supreme Court revisited *Sumstine* in light of *Custis* and *Garcia,* and held that *Sumstine* continues to allow a defendant to collaterally attack a prior conviction on *Boykin-Tahl* grounds unless the underlying plea preceded the decision in *Tahl.* (*Allen,* at p. 443.) The court noted that *Sumstine* was not based on "constitutional imperatives," but on the policy judgment that it is more efficient to hear a collateral attack on a prior conviction at trial rather than wait for a later challenge on habeas corpus. (*Allen,* at p. 435.) The court reasoned that *Sumstine* remains an efficient procedural rule as applied to post-*Tahl* guilty pleas, where "the record of the hearing in which the trial court accepted the defendant's plea should clearly demonstrate the defendant was told of his rights and that he affirmatively waived them." (*Allen,* at p. 442.) This efficiency rationale does not apply to pre-*Tahl* guilty pleas where the record is unlikely to clearly demonstrate whether the defendant was aware of and voluntarily waived his rights before pleading. (*Allen,* at p. 443.) The court accordingly

10

held "that motions to strike prior felony convictions on *Boykin-Tahl* grounds are limited to post-*Tahl* guilty pleas." (*Allen*, at p. 443.)

The majority in *Allen* expressly declined to decide whether *Sumstine* permits a defendant to collaterally attack a prior out-of-state conviction. (*Allen*, *supra*, 21 Cal.4th at p. 443 & fn. 7.) However, Justice Baxter provided guidance in his concurring opinion: "The majority acknowledge that the *Sumstine* rule, as applied to *Boykin-Tahl* issues, is tolerable only insofar as we can expect the record of the challenged prior guilty plea readily to show, on its face, that the defendant knew and waived his rights. For this reason, only priors governed by *Tahl*'s requirement of express admonitions and waivers may be the subject of a *Sumstine* motion. Just as this principle eliminates *Boykin-Tahl* challenges to California priors that predate *Tahl*, so must *Boykin-Tahl* challenges to non-California priors be excluded, except where it appears beyond doubt that the guilty pleas underlying such convictions were subject, under the law of the convicting jurisdictions, to *Tahl*-like procedural formalities." (*Id.* at p. 447 (conc. opn. of Baxter, J.) italics omitted.)

In *Green*, the Fifth District Court of Appeal followed Justice Baxter's concurrence in *Allen* in holding that "a defendant may not collaterally attack a prior out-of-state conviction unless there is evidence that *Tahl*-like requirements operated in the jurisdiction at the time of the plea." (*Green*, *supra*, 81 Cal.App.4th at pp. 470-471.) The court explained that "if a *Tahl*-like policy of requiring preplea advisements and waivers on the record was in effect in the state court where the plea was taken, we will allow a collateral attack on the ensuing conviction. If no such policy operated at the time or place of the prior plea, in the

11

interests of finality of judgments recognized in *Custis* and judicial efficiency, we will not allow collateral challenges to the subsequent conviction."  (*Id.* at p. 471.)

## II

Following *Green*, the issue before us is whether defendant satisfied his burden of presenting evidence that, under Oregon law, his plea was subject to procedures corresponding to California's *Tahl* requirements.  Defendant maintains he satisfied this burden by citing Oregon Revised Statute section 135.385.

The Oregon statute codifies *Boykin* by requiring the trial court to inform the defendant that, by pleading guilty or no contest, the defendant waives the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. (See Or. Rev. Stat. § 135.385(2); see also *Stelts v. State* (1985) 299 Or. 252 [701 P.2d 1047]; *Lyons v. Pearce* (1985) 298 Or. 544 [694 P.2d 969].)  However, unlike California's *Tahl* procedure, the Oregon statute has not been interpreted to require express, on-the-record admonitions and waiver of rights.

In *Cruz v. Cupp* (1986) 78 Or.App. 303, 305 [716 P.2d 770, 771] (*Cruz*), the petitioner "challenged [his] conviction on the ground that the trial court did not orally advise him of the consequences of the plea."  He argued that the "[trial] court is required to address him personally on each matter contained in ORS 135.385(2)," that is, that by pleading no contest he waived the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination.  (716 P.2d at p. 771.)  The court disagreed, finding that "[t]he trial court's duty to inform petitioner of the matters contained in ORS 135.385(2) was satisfied by the written plea petition, which contained the

12

information required by ORS 135.385(2).  Trial counsel advised the court that he had explained the plea petition to petitioner and that petitioner had read and understood it before signing it. Accordingly, the court ascertained that petitioner had the information to which he was entitled under ORS 135.385(2)." (716 P.2d at p. 771, citing *Lyons v. Pearce, supra*, 694 P.2d at p. 974.)

*Cruz* establishes that under Oregon law a trial court may rely on a written plea petition setting forth the *Boykin* advisements and certification by defense counsel that defendant read and understood the document before signing it.  Oregon courts are not required to expressly advise a defendant of his *Boykin* rights and obtain his waiver on the record.  (Cf. *Tahl, supra*, 1 Cal.3d at p. 132; *Howard, supra*, 1 Cal.4th at p. 1175.) We therefore find that defendant failed to present evidence that "*Tahl*-like" requirements operated in Oregon at the time of his no contest plea, and accordingly he cannot collaterally attack the prior convictions through a pretrial motion to dismiss.  (*Green, supra*, 81 Cal.App.4th at pp. 470-471.)

### III

Even if we were to consider defendant's collateral attack on the prior Oregon convictions, we would find that his prior no contest plea was constitutionally valid.  Under the applicable federal test, "the record [must] affirmatively [demonstrate] that [the plea was] voluntary and intelligent under the totality of the circumstances."  (*Howard, supra*, 1 Cal.4th at p. 1175, citing *North Carolina v. Alford* (1970) 400 U.S. 25, 31 ["[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant"]; *Brady v. United States* (1970) 397 U.S. 742, 747,

fn. 4 ["the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily"].)

The totality of the circumstances here shows that defendant voluntarily and intelligently pleaded no contest in the Oregon proceeding. Defendant signed a plea petition, which advised him that he had the choice of pleading not guilty, and would accordingly be afforded the right to a jury trial, the right to confront witnesses, and the privilege against self-incrimination. Defendant also acknowledged in signing the document that he was executing his plea "knowingly and voluntarily." Defense counsel certified that "[d]efendant's plea is voluntarily and understandingly made." When defendant appeared in court, the trial judge asked whether he had "a chance to read through it carefully and discuss it with [defense counsel] before [he] signed it." Defendant responded affirmatively. When asked whether he had "[a]ny questions about what it says or what [he was] giving up by entering this plea," defendant said he did not.

Defendant contends that his plea was not voluntary and intelligent because nothing in the record demonstrates that he was aware of and understood that he would be waiving his *Boykin* rights. He argues that the plea petition was insufficient because it advised him of the rights to which he was entitled if he pleaded not guilty, but did not expressly state that he was waiving those rights by pleading guilty or no contest. He also contends the trial judge's "vague" questioning during the plea colloquy fell short of affirmatively showing that defendant knew precisely what he was giving up. Defendant points to his declaration, which states that neither defense counsel nor the trial judge ever expressly advised him of his rights and the fact

14

that he was waiving them by entering his plea.

Although were we to argue that the record does not affirmatively demonstrate that defendant expressly waived his *Boykin* rights, his plea may still be upheld as constitutioanlly valid under the totality of the circumstances. (See, e.g., *Mosby*, *supra*, 33 Cal.4th at pp. 364-365 [defendant voluntarily and intelligently admitted his prior conviction despite being advised of and having waived only his right to jury trial]; *Howard*, *supra*, 1 Cal.4th at p. 1180 [defendant's admission of a prior prison term was voluntary and intelligent despite the absence of an express waiver of the privilege against self-incrimination]; *People v. Sovereign* (1993) 27 Cal.App.4th 317, 321 [defendant's plea was voluntary and intelligent despite the absence of an explicit admonition and waiver by defendant of his right to a jury trial].)

We find the language of the plea petition to be sufficiently clear to inform defendant that he agreed to waive his rights by entering a plea of no contest. Defendant does not claim that he did not or could not read or understand the plea petition. In fact, he confirmed to the trial judge that he had read the document carefully and had discussed it with defense counsel before signing it. Under the totality of these circumstances, we conclude that defendant's plea was voluntary and intelligent and therefore his prior convictions were constitutionally valid. (See *Howard*, *supra*, 1 Cal. 4th at p. 1175.) The trial court's decision denying defendant's motion to dismiss was ultimately correct, and the prior conviction was properly used to enhance his sentence.

## DISPOSITION

The judgment is affirmed.

## CERTIFIED FOR PUBLICATION.

EPSTEIN, P. J.

We concur:

MANELLA, J.

COLLINS, J.